IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deree J. Norman,                         :
                                         :
                    Appellant            :
                                         :
          v.                             : No. 542 C.D. 2024
                                         : Submitted:  June 3, 2025
Philadelphia Gas Works                   :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  August 7, 2025

          Deree J. Norman (Consumer) appeals, *pro se*, from the order of the
Philadelphia County Common Pleas Court (trial court) sustaining the preliminary
objections of Philadelphia Gas Works (PGW) and dismissing Consumer's
Complaint against PGW with prejudice.  We vacate and remand.

          As the trial court explained:

          On June 18, 2015, [Consumer] filed a complaint
          against [PGW] within the Pennsylvania Public Utility
          Commission  [(PUC)[1]]  claiming  [PGW]  improperly
          charged [Consumer] for gas services.  After a hearing, the
          [PUC] dismissed the complaint for [Consumer] having

---

[1] *See, e.g.*, Section 501 of the Public Utility Code (Code), 66 Pa. C.S. §501 ("The [PUC] shall have general administrative power and authority to supervise and regulate all public utilities doing business within this Commonwealth."); Section 701 of the Code, 66 Pa. C.S. §701 ("[A]ny person . . . having an interest in the subject matter, or any public utility concerned, may complain in writing, setting forth any act or thing done or omitted to be done by any public utility in violation, or claimed violation, of any law which the [PUC] has jurisdiction to administer, or of any regulation or order of the [PUC].").

failed to prove his claim. [Consumer] appealed the [PUC's] decision to the Commonwealth Court, which affirmed the [PUC's] decision on June 12, 2018. [*See Norman v. Public Utility Commission* (Pa. Cmwlth., No. 1102 C.D. 2017, filed June 12, 2018)].

On December 27, 2017, [Consumer] filed a second complaint with the [PUC] concerning [his] billing and service dispute with [PGW]. [Consumer] and [PGW] then agreed to a payment agreement at a November 29, 2018 hearing.

On August 10, 2022, [Consumer] allege[d] that [PGW] breached their agreement and terminated gas service to [him]. Therefore, on August 21, 2023, [Consumer] filed in the [trial court] a Praecipe to Issue a Writ of Summons, which the Office of Judicial Records [] issued on that same date. On January 22, 2024, [Consumer] filed a Complaint against [PGW[2]] claiming [PGW] incorrectly charged [him] for gas service and breached their payment agreement by shutting off gas service to [him]. *See* Complaint [¶¶]1-98.

On February 5, 2024, [PGW] filed Preliminary Objections [(POs)], which the trial court sustained on March 27, 2024[,[3]] and dismissed [Consumer's]

_____

[2] Consumer's Complaint sought monetary damages based on the following seven counts: (1) Honest Services Fraud in violation of 18 U.S.C. §§1341 and 1346 and Section 56.252 of the PUC's regulations, 52 Pa. Code §56.252; (2) Intrusion Upon Seclusion in violation of Section 2709(a)(3) of the Pennsylvania Crimes Code, 18 Pa. C.S. §2709(a)(3); (3) Unfair Business Practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1 – 201-10; (4) Breach of Contract for the agreed-to terms at the time that a PGW account was established for Consumer's property; (5) Breach of Contract for the agreed-to terms following the November 29, 2018 hearing; (6) Diminished Quality of Life based on PGW's unlawful termination of Consumer's gas service; and (7) Intentional Infliction of Emotional Distress based on PGW's outrageous conduct. *See* Complaint ¶¶51-98.

[3] PGW interposed the POs to Consumer's Complaint alleging, *inter alia*, that the trial court lacked jurisdiction over the matter. *See* POs ¶¶17-28. It is upon this basis that the trial court dismissed the above-captioned appeal. *See* Trial Ct. 4/24/24 Op. at 3 ("Here, the trial court properly sustained [PGW's POs] because the [trial court] lacks jurisdiction over the subject matter **(Footnote continued on next page…)**

Complaint with prejudice. On April 8, 2024, [Consumer] filed a Motion for Reconsideration of the March 27, 2024 order, which the trial court denied on April 9, 2024. On April 16, 2024, Plaintiff filed an appeal of the March 27, 2024 and April 8, 2024 orders [in the Superior Court].[4]

Trial Ct. 4/24/24 Op. at 1-2.

On May 30, 2024, PGW filed an Application to Dismiss (Application) the above-captioned appeal in this Court. On July 16, 2024, we issued an Order stating, in relevant part:

> In its Application, [PGW] asserts that [Consumer's] appeal should be dismissed because his civil action before the trial court was an untimely and jurisdictionally erroneous appeal of a final order issued by the [PUC] on October 7, 2021, in case number C-2018-2640719. [Consumer's] [C]omplaint filed in the trial court, from which this appeal is based, predicates his civil claims against [PGW] on circumstances occurring *after* the final order was issued in C-2018-2640719. When explaining its decision to dismiss [Consumer's C]omplaint for lack of subject matter jurisdiction in its April 24, 2024 Pa.R.A.P. 1925(a) Opinion, the trial court characterized the claims as involving a residential utility service customer's billing and service dispute" over which the PUC has *initial* jurisdiction. *See* [Trial Ct. 4/24/24 Op.] [Consumer] filed a timely appeal of the trial court's March 27, 2024 order, and a review of the underlying civil complaint reveals it concerns claims against [PGW] not previously adjudicated to a final order by any court or Commonwealth agency, such as the PUC. As such, the Prothonotary is directed to list PGW's Application and [Consumer's] Answer [to the

---

of this action. The [PUC] has initial jurisdiction over [Consumer's] claims followed by the Commonwealth Court should [he] appeal the [PUC's] decision.").

[4] The Pennsylvania Superior Court subsequently transferred the matter to this Court. *See Norman v. Philadelphia Gas Works* (Pa. Super., No. 1115 EDA 2024, filed May 6, 2024). Our review of the trial court's order sustaining PGW's POs is limited to considering whether the trial court erred as a matter of law or committed an abuse of discretion. *Pettko v. Pennsylvania Water Company*, 39 A.3d 473, 477 n.7 (Pa. Cmwlth. 2012).

> Application] for consideration along with the merits of the appeal.

7/6/24 Order at 1-2 (emphasis in original).

Upon review, it is clear that the trial court should not have dismissed the Complaint with prejudice; rather, the trial court should have transferred the matter to the PUC, pursuant to Section 5103(a) of the Judicial Code,[5] to consider Consumer's unaddressed claims within its exclusive and/or primary jurisdiction. *See, e.g.*, *Pettko*, 39 A.3d at 482-86; *County of Erie v. Verizon North, Inc.*, 879 A.2d 357, 363-65 (Pa. Cmwlth. 2005); *Morrow v. Bell Telephone Company of Pennsylvania*, 479 A.2d 548, 550-52 (Pa. Super. 1984); *but cf. Johnson v. Pennsylvania Public Utility Commission*, ___ A.3d ___, ___ (Pa. Cmwlth., No. 192 C.D. 2024, filed April 15, 2025), slip op. at 6-13. In addition, we direct the trial court to stay the UTPCPL claim over which that court has jurisdiction "to avoid any confusion or issue regarding the statute of limitations that might arise" regarding the UTPCPL claim pending the PUC's disposition of the remaining claims. *See Kerslake v. Sunoco Pipeline* (Pa. Cmwlth., No. 1342 CD 2021, filed May 18, 2023), slip op at 6-7.[6]

---

[5] 42 Pa. C.S. §5103(a). Section 5103(a) states, in relevant part:

> If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court . . . of this Commonwealth.

[6] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value.").

4

Accordingly, PGW's Application is denied; the trial court's order is vacated; and the matter is remanded to that court for proceedings consistent with the foregoing memorandum opinion.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deree J. Norman,               :
                                   :
               Appellant    :
                                   :
           v.                : No. 542 C.D. 2024
                                   :
Philadelphia Gas Works     :

## **O R D E R**

AND NOW, this 7th day of August, 2025, the Application to Dismiss filed by Philadelphia Gas Works in the above-captioned appeal is DENIED; the order of the Philadelphia County Court of Common Pleas (trial court) dated March 27, 2024, is VACATED; and the matter is REMANDED to the trial court to STAY the claims raised under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. §§201-1 – 201-1; and to TRANSFER the record in this matter to the Public Utility Commission (PUC) for disposition of the remaining claims pursuant to Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a).

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge